UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD LIND,

      Plaintiff,

v.                                    Case No: 2:16-cv-3-FtM-29MRM

DIRECTOR, FLORIDA CIVIL
COMMITMENT CENTER, sued in
official capacity,

      Defendant.

_____

### ORDER

This matter comes before the Court upon the following:

> Motion to Dismiss Plaintiff's Complaint by
> Defendant Florida Civil Commitment Center
> (Doc. 11, filed April 29, 2016);

> Second Motion to Dismiss Plaintiff's Complaint
> by Defendant Florida Civil Commitment Center
> (Doc. 19, filed July 28, 2016); and

> Plaintiff's Response to the motions to dismiss
> (Doc. 23, filed August 15, 2016).

For the reasons set forth in this Order, Defendant's motions to dismiss are denied. Defendant shall answer Plaintiff's complaint within twenty-one days from the date on this Order.

### Complaint

On January 4, 2016, Plaintiff, a resident at the Florida Civil Commitment Center (FCCC) in Arcadia, Florida filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff asserts that he has both an abdominal hernia and a groin hernia.

Id. at ¶ 4.   He claims to suffer a great deal of pain from the hernias, and that Defendant refuses to provide hernia surgery to correct his condition.   Id. at ¶¶ 5-7.   Plaintiff seeks an order from this Court compelling Defendant to provide hernia surgery. Id. at ¶ 9.

## Motions to Dismiss

Defendant filed a motion to dismiss on April 29, 2016 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 11).   In the motion, Defendant asserts that Plaintiff's complaint is moot because hernia surgery was performed after Plaintiff filed his complaint (Doc. 11 at 2).   Defendant also argues that Plaintiff sued the incorrect defendant. Id. at 5.[1]

The Court ordered Plaintiff to respond to the motion to dismiss (Doc. 12).   Plaintiff did not comply.   Instead he attempted to file an amended complaint raising a litany of additional claims against numerous additional defendants (Doc. 16).   The amended complaint was stricken for Plaintiff's failure to seek leave to file an amended complaint (Doc. 17).

Thereafter, Defendant filed a second motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (Doc. 19).   Defendant asserts that dismissal of the complaint is

---

[1] Defendant later withdrew his challenge to the propriety of naming the FCCC director as a defendant since Plaintiff seeks only injunctive relief (Doc. 20). Therefore, this argument will not be further addressed.

warranted due to Plaintiff's failure to respond to the first motion to dismiss (Doc. 19).  At this Court's direction, Plaintiff filed a response claiming that he has received surgery for his groin hernias, but has not yet received surgery to correct his abdominal hernia (Doc. 22).

## Legal Standards

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004).  Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

### a.   Federal Rule of Civil Procedure 12(b)(6)

The United Supreme Court has explained the pleading standards a Plaintiff must meet to survive a motion under Rule 12(b)(6):

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).  Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).  A pro se complaint is construed more liberally than formal pleadings drafter by lawyers. Haines v. Kerner, 404 U.S. 519, 596 (1972).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court, referring to its earlier decision in Bell Atlantic Corp. v. Twombly, illustrated a two-pronged approach to motions to dismiss. First, a reviewing court must determine whether a Plaintiff's allegation is merely an unsupported legal conclusion that is not entitled to an assumption of truth.  Next, the court must determine whether the complaint's factual allegations state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 679.

**b.  Federal Rule of Civil Procedure 41(b)**

In certain situations, a district court may dismiss an action under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or to obey a court order. See Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir. 1980).  The Eleventh Circuit has explained:

> The legal standard to be applied under Rule
> 41(b) is whether there is a clear record of
> delay or willful contempt and a finding that
> lesser sanctions would not suffice. Dismissal
> of a case with prejudice is considered a
> sanction of last resort, applicable only in
> extreme circumstances.

Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (quotations and citation omitted).

## Analysis

As an initial matter, this Court will not dismiss Plaintiff's complaint under Rule 41(b) for failure to comply with this Court's order for a response to the first motion to dismiss. There is no indication that Plaintiff's failure to provide a response was designed to delay this case or was otherwise willful. Rather, Plaintiff appeared to believe that his amended complaint, which was ultimately stricken, responded to the motion. Defendant has suffered no prejudice from Plaintiff's failure to comply, and Plaintiff eventually filed a response (Doc. 22). Accordingly, Defendant's second motion to dismiss (Doc. 19) is denied.

In the first motion to dismiss, Defendant does not argue that Plaintiff has not stated a claim; rather, the motion asserts that Plaintiff's complaint is moot because, subsequent to filing, Plaintiff received the relief requested (Doc. 11). In response, Plaintiff asserts that the FCCC treated only one of his two hernias and that he still suffers from abdominal pain due to the FCCC's failure to provide surgery on the second hernia (Doc. 22).

To state a § 1983 claim for denial of medical care, a plaintiff must show more than that he suffered from a serious medical condition and was not provided care. The complaint must allege sufficient facts to show that the federal employee being

sued acted with "deliberate indifference" to this serious medical need.  Plaintiff must show that the defendant was both: (1) aware of a serious risk of harm if medical treatment was not immediately provided; and (2) disregarded the risk of serious harm through conduct that was more than mere negligence. Wilson v. Seiter, 501 U.S. 294, 297 (1991); Cagle v. Sutherland, 334 F.3d 980, 987 (11th Cir. 2003).[2]

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  At this stage of litigation, Plaintiff need only make factual allegations that allow the Court to draw a reasonable inference that he suffered from a serious medical need. See Iqbal, 556 U.S. at 679.  Based on Plaintiff's

---

[2] Because he is civilly committed, Plaintiff is afforded a higher standard of care than if he were criminally confined. Dolihite v. Maughon, 74 F.3d 1027, 1041 (11th Cir. 1996); Lavender v. Kearney, 206 F. App'x 860 (11th Cir. 2006).  Plaintiff's right to be free from cruel and unusual punishment exists under the Due Process Clause of the Fourteenth Amendment which "require[s] the State to provide minimally adequate or reasonable training to ensure safety and freedom from undue restraint," Youngberg v. Romeo, 457 U.S. 307, 319 (1982), instead of under the Eighth Amendment.   Nonetheless, his "claims are subject to the same Eighth Amendment scrutiny as if they had been brought as deliberate indifference claims under the Eighth Amendment." McDowell v. Brown, 392 F.3d 1283, 1290 n.8 (11th Cir. 2004) (citations omitted).

allegation that he was diagnosed with two hernias, the Court will assume that Plaintiff's hernias constitute a serious medical need.

It is clear that Plaintiff believes he needs additional hernia surgery and that Defendant believes he has received all the care to which he is entitled (Doc. 1; Doc. 22).  To the extent Plaintiff is receiving treatment and pain relief for his abdominal hernia, but prefers different treatment from the medical staff at the FCCC, he does not state a deliberate indifference claim.  See Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Although Hamm may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."); Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice.").  However, Plaintiff alleges that he is receiving no treatment for his abdominal hernia. A prison official may act with deliberate indifference by delaying the treatment of a serious medical need, "though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).  In addition, the deliberate withholding of pain treatment can rise to the level of a deliberate indifference claim. See Murphy v. Walker, 51 F.3d 714, 719 (7th Cir. 1995) (prisoner suffering severe pain

after head injury who was told by guard to "stop being a baby" and learn to live with the pain was entitled to go forward with a deliberate indifference claim against that guard).

Construing Plaintiff's pro se complaint liberally, and accepting his factual allegations as true, Plaintiff's complaint states a deliberate indifference claim. Therefore, Defendant's first motion to dismiss (Doc. 11) is denied.

ACCORDINGLY, it is hereby **ORDERED:**

1.   Defendant's motions to dismiss (Doc. 11; Doc. 19) are **DENIED**.

2.   Defendant shall file an answer to Plaintiff's complaint within **TWENTY-ONE (21) DAYS** from the date on this Order.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___13th___ day of September, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Edward Lind
Counsel of Record